IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 12-cr-00163-MCA |
| | ) | |
| vs. | ) | |
| | ) | |
| **GAVIN YEPA**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSR AND UNITED STATES' OBJECTION TO ADDENDUM TO THE PSR**

COMES NOW, the United States by undersigned counsel in response to Defendant's Objections to the Presentence Report (PSR) disclosed on January 29, 2016, as contained within Defendant's Sentencing Memorandum filed on February 11, 2016 (Doc. 297).  Additionally the United States objects the Response No. 3, and No. 4 in the Addendum to the PSR, disclosed on February 17, 2016 which added following the filing of Defendant's objections.  The government's objections to the Addendum related to what the the government's objections to Defendant's mischaracterization of the evidence adduced at trial.  The United States submits that Responses No. 3 and No. 4 cannot be established at sentencing and contain legal conclusions Defendant seeks to insert into the offense conduct within the PSR, which are not supported by the record.

The United States submits that the PSR disclosed on January 29, 2016 accurately reflects the evidence presented at trial and the government has no objection to the PSR as originally authored.

Defendant's objections to presentence report are contained within the sentencing memorandum filed on February 11, 2016. (Doc. 297).  The United States responds to both Defendant's Objections and states its objections to the Addendum to the PSR as follows:

Defense Objection 1 - Paragraph 8 of the PSR:  Defendant contends that the video from the store shows that Defendant was intoxicated.  Defendant objects to the information provided by the two store clerks who testified that Defendant did not appear to be intoxicated on January 28, 2011 while he was in the Giant Gasoline and Convenience Store.  The testimony of the two store clerks, the evidence presented at trial was that both saw the Defendant while he was purchasing alcohol and did not observe signs of intoxication.  The jury viewed the surveillance video in evidence and could draw any inference contained therein as to any signs of intoxication. Witness Christino Panana, who was familiar with Defendant and who spoke with and interacted with Defendant on December 28, 2011 testified that he assessed that Defendant was not intoxicated and sold alcohol to the Defendant.  As such, the United States submits that the PSR accurately reflects the evidence presented at trial.  Defendant presents in his version of events concerning his use of alcohol and drugs on the date of incident in the subsection of the PSR, Defendant's Version.  PSR ¶52.

The United States would not object to Defendant's claim that he was intoxicated at while he was purchasing alcohol at the Giant Gasoline and Convenience Store if that material is included in the section entitled, Defendant's Version of Events, as proposed in Response No. 1 in the Addendum to the PSR.  The United States however, submits that the offense conduct at paragraph 8 accurately reflects the evidence introduced at trial.

Defense Objection 2 -Paragraph 9 of the PSR: Defendant objects to the lack of notation that Defendant told the victim that she should leave with Louanna Toledo.  However, Defendant did not ask the victim to leave.

USPO Response No. 2:  The United States does not object to Response No. 2, as proposed in the Addendum and requests that the addition also note that Defendant did not ask the victim to leave.

Defense Objection 3 - Paragraph 30 of the PSR: Defendant objects to the lack of inclusion of retrograde analysis information concerning Defendant's possibly blood alcohol level at the time of the offense.  The United States opposes the inclusion of Defendant's characterization of the evidence.  The parties entered into a stipulation as to the results of Defendant's blood alcohol/drug content, indicating that Defendant's blood was tested and revealed:  a blood alcohol content of .108 gram percent (g%) with a 99.7% confidence level. (Exhibit 238).  The stipulation further indicates that Defendant's blood was also tested for the following substances:  amphetamine, benzodiazepines, cannabinoids, benzoylecgonine, methamphetamine, opiods, phencyclidine, tricyclic antidepressants, zolpidem and over-the-counter prescription and illicit drugs.  *Id*.  The following substances were *not* detected in Yepa's blood:  amphetamine benzodiazepines, benzoylecgonine, methamphetamine, opiods, phencyclidine, tricyclic antidepressants, zolpidem and over-the-counter prescription and illicit drugs.  *Id*.  Notably only an inactive metabolite of THC was identified as further detailed in the exhibit above.

Neither party introduced evidence of retrograde analysis results.  Prior to trial, the United States determined that Dr. Montgomery's retrograde analysis was premised on data provided early in the investigation, but which was not borne out by the continuing investigation.

unreliable.  The data assumptions utilized by Dr. Montgomery, included but were not limited to the time of Defendant's last drink, the amount of Defendant's alcohol consumption and other factors which were later determined to be incorrect based on the then developing investigation. The retrograde analysis was assessed to be unreliable based upon an number of factors, including the time stamped surveillance video from the Giant Gasoline and Convenience Store of Defendant purchasing alcohol, and witness accounts of Defendant's drinking past the time originally utilized Dr. Montgomery's analysis.  In pretrial hearings, the parties discussed the retrograde analysis and the government advised both Defendant and the Court that the government did not intend to introduce such evidence.  Defendant had secured a defense expert, toxicologist Dr. Edward Reyes.  Defendant had partially withdraw its notice of intent to call Dr. Reyes prior to trial, and ultimately elected not to call Dr. Reyes.  The government opposes the proposed insertion of information not in evidence as contained in Defendant's objection to Paragraph 30, and submits that Defendant cannot establish the information he seeks to insert into the PSR.

USPO Response No. 3:  The United States Objects to the inclusion of any statements regarding retrograde analysis as proposed in the Addendum to the PSR.

Defendant's Objection 4 -Paragraph 31: Defendant objected to the factual basis in paragraph 31, claiming that the PSR failed to reflect that Defendant: *"[O]nly made statements to former Jemez Chief of Police Mike Toya, in Towa, following a custodial interrogation by Chief Toya after Mr. Yepa had clearly and unequivocally invoked his right to remain silent and requested the assistance of counsel during in-custody questioning by FBI Special Agent Benedict Bourgeois."*

USPO Response No. 4 – The United States objects to Response No. 4.  The United States submits that the PSR disclosed on January 29, 2016 accurately summarizes Defendant's statements in evidence.  The proposed change by Addendum, identified above by italics, contains legal conclusions which do not reflect the findings or conclusions of the District Court.  At trial, the United States introduced statements made by Defendant during the execution of the search warrant and which are summarized in paragraph 31 of the PSR.  The District Court concluded that those statements were spontaneous and were not the result of custodial interrogation, contrary to Defendant's characterization of the Court's findings.

Defendant further argues that Defendant's statements to former Jemez Chief of Police, Mike Toya were made only in Towa.  Defendant presented no evidence that any specific words uttered by Defendant were in fact made in the Towa language, nor did Defendant provide evidence of any interpretation.  The evidence presented at trial as to the possible use of Towa by Defendant, was provided by Special Agent Benjamin Bourgeois.  Agent Bourgeois, who is not a Towa speaker, reviewed the recording and conjectured that Defendant may have made statements in the Towa language to former Chief Toya at the conclusion of the execution of the search warrant.  The recording of Defendant's statements during the execution of the search warrant was entered into evidence. (Exhibit 194).

The United States opposes Defendant's request to embed his legal argument and a conclusion not made by the Court into the offense conduct, outlined in the PSR at paragraph 31. The United States does not oppose the addition of the *portion* of Defendant's statement, made within the police unit, if the legal argument is removed.

Defendant's Objection No. 5 Paragraph 52:  The United States does not object to the clerical correction as to page 17, line 4 of the PSR inserting "back room" for the previously listed "living room" in Defendant's version of events,

USPO Response No. 5:  The United States has no objection to Response No. 5 in the Addendum.

Defendant's Objection 6 - Paragraph 67:  Defendant asserts that there is no evidence that the victim was physically restrained during the course of the event.  The United submits that the enhancement under U.S.S.G. § 3A1.3 was properly applied for the restraint of the victim.  At trial the government presented evidence that a struggle occurred within Defendant's home. Witnesses Calabaza Toledo indicated that when they left Defendant's home, the residence was not in disarray.  At some time after Calabaza and Toledo departed, the back door of Defendant's residence was barricaded with a folding table and several chairs.  Additionally there was evidence of a struggle in the kitchen and dining areas, including a banner strewn across the floor which had previously been on the countertop, remnants of a damaged chili ristra were strewn across the dining, kitchen, and laundry areas, and significant blood stain evidence was found throughout the home.  The victim's body was examined by the Office of the Medical Investigator and the forensic pathologist noted multiple abrasions, contusions and injuries consistent with both restraint and force.  Defendant also had multiple abrasions indicative of his use of force to restrain the victim.  The adjustment for restraint is properly applied based upon the evidence submitted to the jury.

USPO Response No. 6:  The United States acknowledges that the 911 call provides evidence of restraint and that the Court may consider the evidence introduced at the evidentiary hearing concerning the 911 call, and the call itself for purposes of sentencing.  This includes the

identification of the victim's voice on the 911 call and that of the Defendant's, as well as evidence of restraint.  The United submits that other evidence, as identified above, and in paragraph 67 of the PSR are sufficient to warrant the enhancement for physical restraint of the victim.

     <u>Defendant's Objection 7 - Paragraph 101</u>:  Defendant alleges that Defendant consistently maintained his sobriety following discharge from in-patient treatment to December 26, 2011.

     <u>USPO Response No. 7</u>:  The United States does not oppose Response No. 7.

     <u>Defendant's Objection 8 - Paragraph 119</u>:  Defendant objects to a mandatory sentence of life in prison, arguing that such a sentence amounts to cruel and unusual punishment and a violation of the separation of powers clause.

     <u>USPO Response No. 8</u>:  The United States does not oppose Response No. 8.

     WHEREFORE, the United States respectfully requests that the Court resolve the disputed items within the PSR and reject Defendant's Objections 3 and 4, as well as the corresponding responses contained in the Addendum to the PSR.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney


***Filed Electronically February 24, 2016***
NIKI TAPIA-BRITO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM  87103
(505) 346-7274


I hereby certify that on February 24, 2016
I filed the foregoing electronically through

the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

_____/s/_____
NIKI TAPIA-BRITO